Mary L. ASHLEY, Plaintiff,

v.

Elliot L. RICHARDSON, Secretary of
Health, Education and Welfare,
Defendant.

Civ. A. No. 71–961.

United States District Court,
D. South Carolina,
Rock Hill Division.

June 22, 1972.

John Oates Woods, Rock Hill, S. C.,
for plaintiff.

John K. Grisso, U. S. Atty., Columbia,
S. C., for defendant.

## ORDER

CHAPMAN, District Judge.

This application for Social Security
disability insurance benefits was filed
on July 30, 1969, based on the plaintiff's
inability to work since January 1967, be-
cause of back trouble and arthritis. The
claim was denied on the initial and re-
consideration determination levels, but
was granted by a hearing examiner aft-
er a hearing *de novo*. The hearing ex-
aminer determined the plaintiff to be
entitled to benefits as of the date of the
hearing, October 7, 1970. The Social
Security Appeals Council on its own mo-
tion pursuant to Section 404.947 of the
Social Security Regulations (20 C.F.R. §
404.947) reviewed the hearing examin-
er's decision and reached a decision un-
favorable to the plaintiff. This decision
became the final decision of the Secre-
tary of Health, Education and Welfare
and is now before this Court on an ac-
tion brought by the plaintiff for judicial
review pursuant to Section 205(g) of

the Social Security Act (42 U.S.C. § 405(g)).

The plaintiff is a 53 year old textile worker. She began work at the age of 15 in the spinning room of Springs Mills in Fort Mill, South Carolina. Her only work experience has been at Springs Mills, and for 16 to 18 years prior to her disability she has been a cloth inspector.

She stopped work in January 1967 because the recurrence of a 1964 back problem prevented her from doing the standing and walking required of a cloth inspector. The plaintiff applied for disability benefits initially in November 1967 alleging inability to work since January 1967. This claim was denied and the plaintiff pursued her administrative remedies through the hearing examiner stage. Her claim was denied by the hearing examiner on November 13, 1968, and that decision was not appealed by the plaintiff.

The claim presently before the Court alleges the same date of onset of disability as the first claim. The hearing examiner in October 1970 first determined, in accord with 20 CFR 404.937, that the first hearing examiner's decision is *res judicata* of the issue of the plaintiff's disability prior to November 13, 1968. He then considered only the claimant's condition from November 14, 1968 and concluded that "as of the date of the hearing (October 7, 1970) the hearing examiner felt that claimant's back impairment had finally reached the point where she was no longer capable of any gainful activity".

The Appeals Council took issue with the hearing examiner's decision, and after reviewing the medical evidence, concluded, "that since at least the examination of November 20, 1967, by Dr. Culp, the claimant, had she so desired, could have engaged on a regular basis in sedentary to light work activity which did not require lifting over 20 pounds, repetitive spinal bending, or extended weight bearing without periods of rest." The Appeals Council's decision now is the final decision of the Secretary.

It is well settled that the function of this Court in reviewing Social Security determinations is limited to considering whether the Secretary's findings of fact are supported by substantial evidence. This Court may not consider the matter *de novo* and its function is not to resolve differences of opinion between hearing examiners and the Appeals Council. Administrative bodies acquire fine degrees of expertise in their areas of responsibility, and it is this expertise to which the courts give deference when reviewing administrative decisions. Therefore the issue before this Court is whether the decision of the Secretary as set forth by the Appeals Council is based upon such relevant evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

The plaintiff's medical history reflects lower back complaints beginning in 1963 resulting in the excision of the L4, 5 and L5, S1 vertebral discs in 1964. The back pain continued and in 1967 a lumbar disc fusion was performed. However, she continued to complain of discomfort in her back and knees.

Her vocational experience is solely in various jobs in the textile industry, and all evidence, both medical and vocational, supports the conclusion that returning to even the light work she had in the textile industry would aggravate her back problem. There appears to be no dispute over the plaintiff's inability to perform her previous duties.

In addition, vocational evaluation of the plaintiff revealed an unmotivated woman who does not appear to have any special skills or aptitudes, exhibits only a 4th grade education, and cannot follow simple instructions unless they are repeated or demonstrated. Even the vocational evaluator could not conceive of the plaintiff being qualified to do more than disassembly or assembly work or simple, leisurely, packaging.

In light of this vocational and medical evidence the Appeals Council found that

the plaintiff retained the functional ability to do some substantial gainful activity and that as long as she was not prevented from performing all substantial gainful work activity then she could not qualify for Social Security disability insurance benefits.

The decision of the Secretary is soundly based in fact and in law. While the plaintiff's impairment is significant, her inability to engage in substantial employment has been earmarked by apathy.

In five years of unemployment, she has not once attempted to secure further employment. It took two years to convince her to attend, at government expense, a vocational rehabilitation workshop where testing could be conducted to determine the type work she might be able to do or trained to perform. Once at the workshop, she approached assigned tasks with an air of boredom or uselessness. Her attitude during evaluation "seemed to be one of feeling it was foolish for her to be here . . . She does not appear to be motivated to return to any type of gainful employment." This attitude is reflected in the plaintiff's discussions with Social Security disability examiners. A contact report dated March 1968 indicates "that she saw no reason why she should have to attend any evaluation. She said that she paid her money into Social Security and that now she was not working felt that she was entitled to draw Social Security disability benefits." This attitude was again noted as recently as the contact report of April 1970. She "stated that since she was not working she was entitled to Social Security benefits since she had paid her money into the program."

■ There is no doubt that personal motivation is a widespread social problem and that the problem is certainly more severe in those with physical impairments. However, lack of motivation to work is not as yet a basis for disability insurance benefits. Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971).

■ This Court is therefore of the opinion that the Secretary's findings of fact are based upon substantial evidence and therefore are conclusive. The Secretary is entitled to summary judgment.

And it is so ordered.