**Jasper F. GRAY, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary, Health, Education & Welfare, Defendant.**

**Civ. A. No. 74-C-121-R.**

United States District Court, W. D. Virginia, Roanoke Division.

June 23, 1975.

Claude D. Carter, Martin, Hopkins & Lemon, Roanoke, Va., for plaintiff.

Paul R. Thomson, Jr., Asst. U. S. Atty., Roanoke, Va., for defendant.

OPINION and JUDGMENT

DALTON, District Judge.

This is an action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of a final decision of the Secretary of Health, Education and Welfare (hereinafter the Secretary). Jasper F. Gray, plaintiff, has filed an appeal from a final decision of the Secretary determining that plaintiff was not entitled to a period of disability and disability insurance benefits and that plaintiff must reimburse the Secretary for payments erroneously paid to plaintiff by the Secretary.

Plaintiff was born in 1910, achieved a high school education and was a Greyhound Bus Driver from 1929–1971. In 1963 he suffered a heart attack, but was able to return to work that same year; however, in April, 1971, his supervisor at Greyhound notified plaintiff that he would have to retire due to his heart condition.

On August 13, 1971, plaintiff filed an application for a period of disability and disability insurance benefits with the Bureau of Disability Insurance. In his application (Exhibit I) plaintiff claimed that he had been unable to work as of April 10, 1971, due to hypertension, angina pectoris, and high blood pressure. The Bureau allowed plaintiff's application and notified plaintiff that he was entitled to a period of disability effective April 10, 1971, with disability insurance benefits payable beginning November 1971. Then on December 12, 1972, the Social Security Administration noticed that earnings had been reported to plaintiff's social security record for a period beginning July 1971 (before plaintiff's initial application was filed). The Secretary notified plaintiff of this discovery and requested that plaintiff complete a report of his work activity. In response to his notice, plaintiff responded that he had been employed by the Automobile Club of Virginia, working 24 hours per week, as a Special Representative, since July 1, 1971. Plaintiff characterized his work as part-time and did not consider it to be substantial gainful activity, although earning as much as $500 a month. (Tr. 46).

The Bureau of Disability Insurance determined on March 28, 1973, that plaintiff had engaged in substantial gainful activity since July 1, 1971, and therefore was not eligible for disability insurance benefits. (Tr. 113–115). On June 12, 1973, plaintiff requested a hearing before an administrative law judge and the hearing was held on October 30, 1973. The administrative law judge found that plaintiff was not and had not been disabled for the six-month period provided for in the Social Security Act, § 216(i)(2)(A), 42 U.S.C. § 416(i)(2)(A), and therefore was not entitled to disability insurance benefits. The administrative law judge further found that plaintiff was "without fault" in accepting the overpayments which had occurred from November 1971 through February 1973 totalling $3,665.80. On May 8, 1974, the Appeals Council, reviewing the hearing decision on its own motion, found that plaintiff was not under a disability, that he was not without fault in accepting the incorrect payments, and that recovery of the overpayment would not be waived.

Plaintiff appeals both of the above final determinations by the Secretary and asks this court for an adjudication that 1) the Appeals Council was without authority to change the decision of the administrative law judge more than ninety days after his decision, 2) that he was not at fault in receiving the overpayment and 3) that he has not engaged in substantial gainful activity since April 10, 1971, and therefore all Social Security rights and benefits should be restored.

A

The regulatory procedures by which the Appeals Council may, on its own motion, review a hearing decision

are contained in 20 C.F.R. § 404.947 which states in pertinent part:

> The Appeals Council . . . may, on its own motion, *within 90 days, from the date of mailing of such decision* [Administrative Law Judge's Decision] reopen such decision for review". (emphasis added)

The Administrative Law Judge's decision was mailed on December 20, 1973, (Tr. 11) and on March 8, 1974, the Appeals Council decided, on its motion, to review the hearing decision. The decision to review was clearly made within the regulatory time limitation of 90 days although the final decision by the Appeals Council was not rendered until May 8, 1974. Therefore, the Appeals Council had authority to change the decision of the Administrative Law Judge.

### B

■ The jurisdiction of a district court on reviewing a final decision by the Secretary is set out in section 205(g) of the Social Security Act, which states, "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." (See *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The two remaining issues before the court are factual determinations: Whether plaintiff was engaged in substantial gainful activity after July 1, 1971, and whether plaintiff was without fault in accepting the overpayments. The pertinent regulation concerning the former issue is contained in 20 C.F.R. 404.1534(b) which sets the standards for evaluating earnings from work vis-a-vis substantial gainful activity:

> "An individual's earnings from work activities averaging in excess of $140 a month shall be deemed to demonstrate his ability to engage in substantial gainful activity . . ."

The term "disability" within the meaning of the Social Security Act is set forth in 42 U.S.C. § 423(d)(1)(A) which defines the term as an:

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than 12 months;"

Combining the above definitions and plaintiff's own testimony in which he stated that he had been working for the Automobile Club of Virginia and earning as much as $500 per month (Tr. 46), the court holds the Secretary's determination that plaintiff was not entitled to disability insurance benefits is supported by substantial evidence and must be affirmed.

### C

■ The remaining issue concerns the erroneous payment of disability insurance benefits to plaintiff from November 1971 through February 1973 in the amount of $3,665.80. The pertinent statute in this regard is section 204 of the Social Security Act, 42 U.S.C. § 404, which provides in pertinent part:

"(a) Whenever the Secretary finds that more or less than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made, under regulations prescribed by the Secretary, as follows:

(1) With respect to payment to a person of more than the correct amount, the Secretary shall . . . require such overpaid person . . . to refund the amount in excess . . ."

(b) In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is *without fault* if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience." (emphasis added)

The question of the determination of whether the plaintiff was without fault

is a factual matter. The Secretary's final determination was that plaintiff was not without fault and the Secretary based this determination upon the factors enumerated in 20 C.F.R. 404.507:

" . . . .

What constitutes fault . . . on the part of an overpaid individual . . . depends upon whether the facts show that the incorrect payment . . . resulted from:

(a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or

(b) Failure to furnish information which he knew or should have known to be material; or

(c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect."

The Secretary found that plaintiff was "at fault" in several instances. On his application he failed to list his work with the Automobile Club of Virginia; he failed to inform the Secretary of his continued work although "Report of Work Activity" cards are routinely sent out with disability checks; and he continued to accept, cash and spend payments he could have been expected to know were incorrect.

After considering the relative equities involved in enforcing a refund against an overpaid individual and noting that plaintiff receives about $400 per month in pension benefits from Greyhound and is still engaged in substantial gainful activity with the Automobile Club, the court finds that the Secretary's decision was based upon substantial evidence. Plaintiff's educational background certainly was sufficient for him to realize that the activity he was engaged in could be considered work and, therefore, he made an incorrect statement by not listing his remunerative activity with the Automobile Club in questions 10, 12, and 13 of his application. Without more, this alone would be substantial evidence upon which the Secretary could base his decision.

For the reasons expressed in the above opinion, the court determines that the Secretary's decision is supported by substantial evidence and is hereby ordered affirmed.

The clerk is directed to send a certified copy of this opinion and judgment to counsel of record.