**Nelda A. PARKER, Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant-Appellee.**

**Autry R. HAND, Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant-Appellee.**

Nos. 84–7678, 84–8630.

United States Court of Appeals, Eleventh Circuit.

May 13, 1986.

Frank W. Donaldson, U.S. Atty., Jenny L. Smith, Asst. U.S. Atty., Birmingham, Ala., William Kanter, Howard S. Scher, Appellant Staff, Civil Div., Dept. of Justice, Washington, D.C., for defendant-appellee in No. 84–7678.

James A. Turner, Turner, Turner & Turner, Tuscaloosa, Ala., for plaintiff-appellant in No. 84–7678.

Amy D. Levin, Asst. U.S. Atty., Atlanta, Ga., William Kanter, Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C., for defendant-appellee in No. 84–8630.

William I. Aynes, Atlanta, Ga., for plaintiff-appellant in No. 84–8630.

Before GODBOLD, Chief Judge, RONEY, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HATCHETT, ANDERSON, and CLARK, Circuit Judges.

ANDERSON, Circuit Judge:

The only issue which we will address en banc concerns the proper scope of federal court review in Social Security cases where the Appeals Council, on its own motion, rejects the administrative law judge's ("ALJ") decision.[1] We conclude that in such circumstances, the function of judicial review is limited to determining whether the Appeals Council's decision is supported by substantial evidence on the record as a whole. We also hold that the Appeals Council's rejection of an ALJ's credibility findings is a relevant factor in determining whether there is substantial evidence to support the decision of the Appeals Council. Thus, the Appeals Council should ordinarily reject the ALJ's credibility findings expressly and state the reasons for its conclusion.

## I. BACKGROUND

### A. Hand v. Heckler

Autry Hand was born in 1940, and has past relevant work experience as a mechanic and a security guard. He underwent a bilateral laminectomy and discectomy in 1980, and has complained of lower back pain since his operation. He also suffers from severe tremors in his hands, of unknown origin.

In 1980, Hand filed an application for Social Security disability benefits. The ALJ concluded that Hand was disabled since he did not retain the functional capacity to engage in any substantial gainful work activity. In reaching this determination, the ALJ found that the credible evidence established that Hand's pain imposed severe limitations on his functional capacity.

The Appeals Council reviewed the ALJ's decision on its own motion, and reversed the ALJ's finding of disability because Hand's impairments did not prevent him from performing his past relevant work as a security guard. The Appeals Council considered Hand's allegations of severe pain, but concluded that the medical evidence did not establish the existence of an impairment that could reasonably be expected to produce such pain.

Hand filed suit in the district court challenging the Secretary's denial of disability benefits, but the district court affirmed the Secretary's decision because substantial evidence supported the Appeals Council's determination that Hand could still perform his prior security guard work. On appeal, a panel of this court concluded that substantial evidence supported the Secretary's finding that Hand's impairments did not prevent the performance of his past work as a security guard. *Hand v. Heckler*, 761 F.2d 1545, 1547–49 (11th Cir.), *vacated for reh'g en banc sub nom. Parker v. Heckler*, 774 F.2d 428 (11th Cir.1985). In reaching this conclusion, the panel held that since the Appeals Council has the power to review *de novo* and reverse the ALJ's factual

---

1. Appeals Council decisions occur in four ways: (1) the claimant can seek review of an adverse ALJ decision by filing an appeal with the Appeals Council within 60 days after he receives notice of that decision, 20 C.F.R. § 404.968(a)(1) (1985); (2) the Appeals Council can, on its own motion, initiate review of any ALJ decision within 60 days of that decision, 20 C.F.R. §§ 404.969, 404.970 (1985); (3) when a federal court remands a case for further consideration, the Appeals Council can either make a decision or remand the case to an ALJ with instructions to take action and return the case to the Appeals Council with a recommended decision, 20 C.F.R. § 404.983 (1985); or (4) in certain circumstances, the Appeals Council can reopen an otherwise final decision, 20 C.F.R. §§ 404.987–989 (1985). This case involves only the second form of Appeals Council review, i.e., own motion review.

findings, federal courts may only review the decision of the Appeals Council to determine if it is supported by substantial evidence. *Id.* at 1547 n. 1 (citing *Beavers v. Secretary of Health, Education & Welfare,* 577 F.2d 383 (6th Cir.1978)).

### B. *Parker v. Heckler*

Nelda Parker is a fifty-two year old licensed practical nurse whose prior work experience was as a nurse, bookkeeper and general office worker in a doctor's office. During the last three years of her employment, her declining health forced her to work only part-time, and in March 1983, Parker retired and has not worked since then.

In 1983, Parker applied for Social Security disability benefits. The ALJ found that she was suffering from hypertensive cardiovascular disease, fibromuscular dysplasia, and exogenous obesity, and concluded that she was disabled.

The Appeals Council reviewed the ALJ's decision on its own motion, and reversed. Contrary to the findings of the ALJ, the Appeals Council concluded that Parker was not disabled within the meaning of the Social Security Act because her only impairment was non-severe hypertension. The Appeals Council also found that Parker's symptoms of fatigue, blurred vision and difficulty in standing were not disabling because the evidence did not establish the existence of a medical condition that could reasonably be expected to produce symptoms of the severity alleged.

The district court affirmed the Appeals Council's finding of no disability. On appeal, a panel of this court reversed the district court's decision and remanded for an award of benefits. *Parker v. Heckler,* 763 F.2d 1363 (11th Cir.), *vacated for reh'g en banc,* 774 F.2d 428 (11th Cir.1985). The panel first concluded that when the Appeals Council reverses an ALJ's finding of

disability, federal courts must determine whether the Appeals Council correctly concluded that the ALJ's decision was not supported by substantial evidence. *Id.* at 1364–66. Relying on *Newsome v. Secretary of Health & Human Services,* 753 F.2d 44 (6th Cir.1985), the panel reasoned that the Appeals Council does not have "unbridled discretion" to reject the ALJ's determination, but rather may only review a case if (1) the ALJ abused his discretion; (2) there was an error of law; (3) the ALJ's determination is not supported by substantial evidence; or (4) the case involves a broad policy or procedural issue that may affect the general public interest. 763 F.2d at 1365 (citing 20 C.F.R. § 404.970(a) (1985)). After considering the evidence in the record, the panel then concluded that the Appeals Council had no authority to review the ALJ's decision because the ALJ's decision was supported by substantial evidence, and because none of the other three categories of section 404.970(a) were implicated. *Id.* at 1366.

## II.  ANALYSIS

We granted en banc consideration in this case to clarify the scope of judicial review in cases where the Appeals Council, on its own motion, reverses an ALJ's decision. Hand and Parker argue that under 20 C.F.R. § 404.970(a) (1985), the Appeals Council's authority to reverse an ALJ's decision is limited to cases where one of four grounds is present: (1) the ALJ abused his discretion; (2) the ALJ made an error of law; (3) the ALJ's decision is not supported by substantial evidence; or (4) the case concerns a broad policy or procedural issue that may affect the public interest. Under this interpretation of the regulations and focusing only on the third [2] of the four grounds, the Appeals Council may review an ALJ's decision, only if that decision is *in fact* unsupported by substantial evidence; thus, they contend that federal courts must

---

**2.** The Secretary does not assert that the Appeals Council's reversals of the ALJs' decisions in *Parker v. Heckler* and *Hand v. Heckler* were proper because of the presence of one of the three other grounds listed in § 404.970(a). Under

Hand and Parker's construction of § 404.970(a), the Appeals Council could therefore reverse the ALJs' decisions only if their decisions were unsupported by substantial evidence.

determine whether the Appeals Council was correct in concluding that the ALJ's decision was not supported by substantial evidence.

The Secretary contends, however, that since only the final decisions of the Secretary of Health and Human Services are subject to judicial review under 42 U.S.C. § 405(g), and since the Secretary has clearly delegated the duty of making final decisions to the Appeals Council, federal courts must review the decision of the Appeals Council, not the decision of the ALJ, to determine whether substantial evidence supports the Secretary's decision. The Secretary also argues that 20 C.F.R. § 404.-970(a) (1985), which sets forth four categories of cases in which the Appeals Council

**3.** Section 405(g) provides in relevant part:
> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.... The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ....

42 U.S.C. § 405(g). Section 405(g) is made applicable to SSI claimants under Title XVI of the Social Security Act by 42 U.S.C. § 1383(c)(3) and to disability claimants under Title II of the Social Security Act by 42 U.S.C. § 421(d).

**4.** Section 405(a) provides:
> The Secretary shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions, and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder.

42 U.S.C. § 405(a).

**5.** Section 404.900, which applies to disability claimants under Title II of the Social Security Act, provides in relevant part:
> **§ 404.900 Introduction**
> (a) *Explanation of the administrative review process.* This subpart explains the procedures we follow in determining your rights under title II of the Social Security Act. The regulations describe the process of administrative review and explain your right to judicial review after you have taken all the necessary administrative steps. The administrative

will grant review, does not limit the Appeals Council's discretion to review ALJs' decisions under 20 C.F.R. § 404.969 (1985).

### A. Scope of Review

The Social Security Act provides that federal courts may only review the Secretary's "final decision," and that judicial review of the Secretary's findings of fact is limited to determining whether these findings are supported by substantial evidence. 42 U.S.C. § 405(g).[3] Pursuant to his rulemaking authority under 42 U.S.C. § 405(a),[4] the Secretary has delegated the duty of making "final decisions" to the Appeals Council. *See* 20 C.F.R. §§ 404.900, 404.981, 416.1400, 416.1481 (1985).[5] Since

> review process consists of several steps, which usually must be requested within certain time periods and in the following order:
> (1) *Initial determination.* This is a determination we make about your entitlement or your continuing entitlement to benefits or about any other matter, as discussed in § 404.902, that gives you a right to further review.
> (2) *Reconsideration.* If you are dissatisfied with an initial determination you may ask us to reconsider it. Generally, you must request a reconsideration before you may request a hearing.
> (3) *Hearing.* If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.
> (4) *Appeals Council review.* If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.
> (5) *Federal court review.* When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court.

20 C.F.R. § 404.900(a)(1)–(5) (1985).

Section 404.981, also applicable to such disability claimants, provides as follows:
> **§ 404.981 Effect of Appeals Council's decision or denial of review.**
> The Appeals Council may deny a party's request for review or it may decide to review a case and make a decision. The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district

the statute provides that federal courts may only review the Secretary's "final decision," and since the Secretary has delegated his authority to make final decisions to the Appeals Council, federal courts must review the Appeals Council's decision to determine if it is supported by substantial evidence. *See, e.g., Taylor v. Heckler,* 765 F.2d 872, 874–75 (9th Cir.1985); *Turner v. Heckler,* 754 F.2d 326, 330 (10th Cir.1985); *Lopez-Cardona v. Secretary of Health & Human Services,* 747 F.2d 1081, 1083 (1st Cir.1984); *Baker v. Heckler,* 730 F.2d 1147, 1149–50 (8th Cir.1984); *Beavers v. Secretary of Health, Education & Welfare,* 577 F.2d 383, 386–87 (6th Cir.1978). *But see Scott v. Heckler,* 768 F.2d 172, 179 (7th Cir.1985); *Newsome v. Heckler,* 753 F.2d 44, 47 (6th Cir.1985).[6]

This interpretation is supported by the Supreme Court's decision in *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). In *Universal Camera,* the Court rejected the argument that the National Labor Relations Board may only reverse an ALJ's decision when the ALJ's findings are "clearly erroneous." *Id.* at 492, 71 S.Ct. at 467. The Court explained that such a result would be inconsistent with "[t]he responsibility for decision ... placed on the Board" by 29 U.S.C. § 160(c).[7] 340 U.S. at 492, 71 S.Ct. at 467. Rather, the Court concluded that when the NLRB and an ALJ disagree, federal courts should determine whether the NLRB's decision is supported by substantial evidence. *Id.* at 496, 71 S.Ct. at 469. The fact that the NLRB and the ALJ have reached different conclusions does not modify the "substantial evidence" standard, but rather is simply one factor to be considered

in determing whether this standard has been satisfied. *Id.*

*Universal Camera* has been applied in circumstances closely analogous to the present situation. *See, e.g., Jackson v. Veterans Administration,* 768 F.2d 1325, 1329–31 (Fed.Cir.1985) (holding that the fact "that the [Merit Systems Protection Board's] decision differs from the presiding official's does not alter the requirement that we evaluate the *board's final decision* under the substantial evidence standard") (emphasis in original); *WHW Enterprises, Inc. v. FCC,* 753 F.2d 1132, 1139–44 (D.C.Cir.1985) (court must review FCC Review Board's decision, not the ALJ's, to determine whether substantial evidence standard is satisfied); *St. Elizabeth Community Hospital v. Heckler,* 745 F.2d 587, 592 n. 4 (9th Cir.1984) (rejecting the argument that a federal court should review the decision of the Provider Reimbursement Review Board rather than that of the Deputy Administrator because the latter "is the *final* decision of the Secretary [of Health and Human Services] that we review") (emphasis in original); *Mattes v. United States,* 721 F.2d 1125, 1128–30 (7th Cir.1983) (when the Judicial Officer of the Department of Agriculture (J.O.) rejects an ALJ's findings of fact, "[t]he reviewing court still evaluates the J.O.'s decision using the substantial evidence test with the caveat that 'evidence supporting a conclusion may be less substantial when an impartial, experienced [ALJ] who has observed the witness and lived with the case has drawn conclusions different from the Board's than when he has reached the same conclusion' ") (quoting *Universal Camera,* 340 U.S. at 496, 71 S.Ct. at 468); *Kirkland v. Railroad Re-*

---

court, or the decision is revised. You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action.
20 C.F.R. § 404.981 (1985).
　The comparable regulations for SSI claimants under Title XVI of the Social Security Act are 20 C.F.R. §§ 416.1400–1481 (1985).

**6.** The Sixth Circuit has recently accepted for en banc consideration the question of the proper scope of judicial review in cases where the Appeals Council reverses an ALJ's decision. *See*

*Mullen v. Secretary of Health & Human Services,* 770 F.2d 86 (6th Cir.1985) (en banc).

**7.** 29 U.S.C. § 160(c) provides in relevant part:
　If upon the preponderance of the testimony taken the Board shall be of the opinion that any person named in the complaint has engaged in or is engaging in any such unfair labor practice, then the Board shall state its findings of fact and shall issue and cause to be served on such person an order requiring such person to cease and desist from such unfair labor practice....

*tirement Board,* 706 F.2d 99, 103–04 (2d Cir.1983) (reviewing court applies substantial evidence standard to Railroad Retirement Board's decision, not the ALJ's); *Georgia Public Service Commission v. United States,* 704 F.2d 538, 542–43 (11th Cir.1983) (concluding that federal court must review ICC's decision, not ALJ's decision). *See generally* 3 K. Davis, *Administrative Law Treatise* § 17.16 (2d ed. 1980).

■ Hand and Parker contend that even if the statutorily mandated deference to findings of fact runs in favor of the decisions of the Appeals Council, the Secretary has promulgated regulations restricting the Appeals Council's authority to review an ALJ's decision to one of the four categories enumerated in 20 C.F.R. § 404.970(a) (1985). The Secretary, however, asserts that this list is not exclusive, and that under 20 C.F.R. § 404.969 (1985), the Appeals Council retains the discretion to review, on its own motion, any decision of an ALJ. We agree with the Secretary's construction of sections 404.969 and 404.970(a).

■ We note at the outset that an agency's interpretation of its own regulations is entitled to deference. *See, e.g., United States v. Larionoff,* 431 U.S. 864, 872–73, 97 S.Ct. 2150, 2155–56, 53 L.Ed.2d 48 (1977); *Eley v. Heckler,* 734 F.2d 724, 726 (11th Cir.1984); *Baker,* 730 F.2d at 1149. The administrative interpretation is controlling unless it is plainly erroneous or inconsistent with the language and purposes of the regulation. *See, e.g., Larionoff,* 431 U.S. at 872, 97 S.Ct. at 2155;

*Bowles v. Seminole Rock Co.,* 325 U.S. 410, 413–14, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945).

The starting point for our analysis is the language of the regulations. Section 404.-969 gives the Appeals Council authority to review the ALJ's decision: "Anytime within 60 days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken." 20 C.F.R. § 404.969 (1985). Section 404.970(a), upon which Hand and Parker rely, provides as follows:

The Appeals Council will review a case if—

(1) There appears to be an abuse of discretion by the administrative law judge;

(2) There is an error of law;

(3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or

(4) There is a broad policy or procedural issue that may affect the general public interest.

20 C.F.R. § 404.970(a) (1985).

Hand and Parker read section 404.970(a) as setting forth the only circumstances in which the Appeals Council may conduct own motion review of an ALJ's decision. This interpretation, however, would make section 404.969 superfluous. If the Secretary had intended to limit own motion review to the four grounds listed in section 404.970(a), it would have been unnecessary to include section 404.969.[8] Moreover, sec-

---

**8.** An examination of the predecessors to §§ 404.969 and 404.970(a) suggests that § 404.-970(a) was not intended to provide an exclusive list of the cases that the Appeals Council could review on its own motion. In 1960, the Secretary added § 404.947 (the predecessor to § 404.-969), which provided in relevant part:

The Appeals Council may dismiss ... or, in its discretion, deny or grant a party's request for review of an Administrative Law Judge's decision, or may, on its own motion, within 90 days from the date of mailing notice of such decision, reopen such decision for review or for the purpose of dismissing the party's request for hearing for any reason for which it could have been dismissed by the [Administrative Law Judge]. ...

20 C.F.R. § 404.947 (1976). This regulation gave the Appeals Council authority to undertake own motion review of any ALJ's decision. *See, e.g., White v. Schweiker,* 725 F.2d 91, 93–94 (10th Cir.1984); *Gray v. Weinberger,* 397 F.Supp. 304, 305–06 (W.D.Va.1975); *Hofacker v. Weinberger,* 382 F.Supp. 572, 574–76 (S.D.N.Y.1974); *Maggard v. Weinberger,* 364 F.Supp. 1299, 1230 (E.D.Ky.1973); *Ashley v. Richardson,* 346 F.Supp. 101, 101–03 (D.S.C.1972); *Bennett v. Gardner,* 257 F.Supp. 488, 489–93 (W.D.La. 1966).

In 1976, the Secretary added § 404.947a, the predecessor to § 404.970(a). Section 404.947a provided in relevant part:

The Appeals Council, on its own motion or on request for review, will review a hearing decision or dismissal where:

tion 404.970(a) does not provide that the Appeals Council can only review certain classes of cases, but rather states that the Appeals Council "will" review an ALJ's decision if one of these grounds is present.

The Secretary's interpretation, on the other hand, gives effect to the language of both sections. Under this interpretation, section 404.969 gives the Appeals Council the authority to review *any* ALJ's decision, while section 404.970(a) sets forth those categories of cases which the Appeals Council *must* review. The Secretary's interpretation of the regulations is also consistent with the Secretary's delegation to the Appeals Council of the authority to make "final decisions," and with the general principle that in an intra-agency appeal, the agency (or the body to which it has delegated its authority to render a "final decision") has all the power that it would have had in making the initial decision, *see, e.g., Lopez-Cardona,* 747 F.2d at 1083; 5 U.S.C. § 557(b).

Hand and Parker's interpretation of the regulation would also frustrate the purpose of the Bellmon Amendment, which provides that "[t]he Secretary of Health and Human Services shall implement a program of reviewing, on his own motion, decisions ren-

> (1) There appears to be an abuse of discretion by the presiding officer;
> (2) There is an error of law;
> (3) The presiding officer's action, findings, or conclusions are not supported by substantial evidence; or
> (4) There is a broad policy or procedural issue which may affect the general public interest.

20 C.F.R. § 404.947a(a) (1980). If the Secretary had intended to restrict the Appeals Council's authority to conduct own motion review under § 404.947, the Secretary could simply have replaced § 404.947 with § 404.947a. Moreover, the preamble of the *Federal Register* notice does not suggest that the Secretary intended such a change. *See* 41 Fed.Reg. 51,585–86 (1976).

In 1980, §§ 404.947 and 404.947a were recodified with minor changes as §§ 404.969 and 404.970(a). The preamble to the 1980 recodification does not indicate that §§ 404.969 and 404.970(a) were intended to be given a different meaning than their predecessors. *See* 45 Fed.Reg. 52,078–80 (1980). Since neither the 1976 amendment nor the 1980 recodification suggests that the Secretary meant to disturb the existing inter-

dered by administrative law judges as a result of hearings under section 221(d) of the Social Security Act." Social Security Disability Amendments of 1980, Pub.L. No. 96–265, § 304(g), 94 Stat. 441, 456. The Bellmon Amendment was intended to eliminate the perceived lack of uniformity among ALJs' decisions and between decisions rendered by ALJs and various state agencies. *See* H.R.Conf.Rep. No. 944, 96th Cong., 2d Sess. 57–58 (1980), *reprinted in* 1980 U.S.Code Cong. & Ad. News 1392, 1405–06; S.Rep. No. 408, 96th Cong., 2d Sess. 52–56 (1980), *reprinted in* 1980 U.S. Code Cong. & Ad. News 1277, 1330–34. Hand and Parker's interpretation would limit the Appeals Council's ability to exercise supervisory power over ALJs' decisions, and would therefore undermine the purpose of the Bellmon Amendment, i.e., to promote uniformity in disability determinations. The Secretary's interpretation, on the other hand, would further the goal of uniformity because the Appeals Council would have the authority to review, on its own motion, any ALJ's decision.[9]

Accordingly, we hold that in cases where the Appeals Council reverses an ALJ's decision on its own motion, judicial review is limited to determining whether the Appeals

pretation of § 404.947, it is unlikely that § 404.970(a) was intended to limit the Appeals Council's own motion review authority.

**9.** Indeed, the Seventh Circuit has suggested that the primary purpose of section 404.969 is to achieve consistency in the administration of the disability benefits program:

> The main purpose of section 404.969 … must be to make the administration of the disability benefits program more consistent by allowing appellate review of decisions in favor of as well as adverse to claimants. This method of assuring greater consistency of results would not be necessary if the proceedings before the administrative law judge were adversarial, but they are not; if the claimant wins, there is no one to appeal. It might not be necessary if there were few judges and few decisions; but the Social Security Administration has hundreds of administrative law judges deciding in the aggregate hundreds of thousands of disability cases a year. The need for greater consistency is acute ….

*DeLong v. Heckler,* 771 F.2d 266, 268 (7th Cir. 1985) (citations omitted).

Council's decision is supported by substantial evidence.

### B. *Credibility Determinations*

█ The Appeals Council's reversal of an ALJ's decision presents a special problem when the Appeals Council rejects the ALJ's credibility findings. We hold that the Appeals Council is not bound by the ALJ's credibility findings, but when it rejects such findings, it should ordinarily do so expressly, articulating the reasons for its conclusion.

In analogous contexts, the Supreme Court has discussed the weight that a reviewing court should give to an ALJ's credibility determinations. *FCC v. Allentown Broadcasting Corp.*, 349 U.S. 358, 363–64, 75 S.Ct. 855, 858–59, 99 L.Ed. 1147 (1955); *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 496–97, 71 S.Ct. 456, 468–69, 95 L.Ed. 456 (1951). In *Universal Camera*, the Court held that while federal courts must determine whether the NLRB's decision is supported by substantial evidence, the NLRB's rejection of an ALJ's decision is one factor to be considered in ascertaining whether the "substantial evidence" standard has been met, and the significance of the ALJ's decision would depend on the importance of credibility in that case:

> The "substantial evidence" standard is not modified in any way when the Board and its examiner disagree. We intend only to recognize that evidence supporting a conclusion may be less substantial when an impartial, experienced examiner who has observed the witnesses and lived with the case has drawn conclusions different from the Board's than when he has reached the same conclusion. The findings of the examiner are to be considered along with the consistency and inherent probability of testimony. The significance of his report, of course, depends largely on the importance of credibility in the particular case.

340 U.S. at 496, 71 S.Ct. at 469.

█ In *Allentown Broadcasting*, the Court cautioned that an agency is not bound by an ALJ's credibility determinations. 349 U.S. at 364, 75 S.Ct. at 859. The Court concluded that an agency's power to reject an ALJ's credibility findings is not limited to cases where there is a "very substantial preponderance" in the record that such findings are erroneous because this test would reinstate the clearly erroneous rule rejected in *Universal Camera*. *Id*. *Universal Camera* and *Allentown Broadcasting* therefore establish that, while an agency is not bound by an ALJ's credibility findings, a federal court still must consider the ALJ's credibility determinations in ascertaining whether the agency's decision is supported by substantial evidence, and the weight given to the ALJ's decision will depend on the importance of credibility in that case. *See, e.g., Bosma v. United States Department of Agriculture*, 754 F.2d 804, 807–08 (9th Cir. 1984); *Moore v. Ross*, 687 F.2d 604, 608–09 (2d Cir.1982), *cert. denied*, 459 U.S. 1115, 103 S.Ct. 750, 74 L.Ed.2d 969 (1983). *See generally* 3 K. Davis, *supra*, § 17.16, at 327–30.

Other circuits have considered the role of an ALJ's credibility determinations in determining whether the Appeals Council's decision is supported by substantial evidence. *See, e.g., Howard v. Heckler*, 782 F.2d 1484 (9th Cir.1986); *Turner v. Heckler*, 754 F.2d 326 (10th Cir.1985); *Lopez-Cardona v. Secretary of Health & Human Services*, 747 F.2d 1081 (1st Cir.1984); *Parris v. Heckler*, 733 F.2d 324 (4th Cir.1984); *Baker v. Heckler*, 730 F.2d 1147 (8th Cir. 1984); *Beavers v. Secretary of Health, Education & Welfare*, 577 F.2d 383 (6th Cir. 1978); *Combs v. Weinberger*, 501 F.2d 1361 (4th Cir.1974). These courts held that while the Appeals Council has the power to reject an ALJ's credibility findings, the Appeals Council should explain its reasons for rejecting such findings. *See, e.g., Howard*, 782 F.2d at 1487–88; *Turner*, 754 F.2d at 330–31; *Lopez-Cardona*, 747 F.2d at 1084; *Parris*, 733 F.2d at 327; *Baker*, 730 F.2d at 1150; *Beavers*, 577 F.2d at 386–88; *Combs*, 501 F.2d at 1363. In *Beavers*, the Sixth

Circuit explained the reason for this requirement:

It is beyond dispute that the Appeals Council, and the Secretary, have the *power* to conclude that testimony, even if uncontradicted in the record, is not credible, since the Secretary is entrusted with the duty of making all findings of fact. Since the statutorily-mandated deference to findings of fact runs in favor of the Secretary, not the administrative law judge, the Appeals Council has the power to do so even if the administrative law judge has determined otherwise. Nevertheless, this Court still has the responsibility of determining whether there is substantial evidence to support the Appeals Council's decision, and when the administrative law judge has concluded that a witness's testimony is credible, that is an important factor to consider. The notion that special deference is owed to a credibility finding by a trier of fact is deeply imbedded in our law. The opportunity to observe the demeanor of a witness, evaluating what is said in the light of how it is said, and considering how it fits with the rest of the evidence gathered before the person who is conducting the hearing, is invaluable, and should not be discarded lightly.

If an Appeals Council decides to reject the credibility findings of an administrative law judge, or to disregard testimony which was clearly central to the administrative law judge's determination, it should do so expressly, identifying the considerations which led to its conclusion....

*Beavers*, 577 F.2d at 386–87 (emphasis in original) (footnote omitted).

■ This court has imposed similar requirements in an analogous context, i.e., when we are reviewing an ALJ's decision that has become the "final decision" of the Secretary.[10] *See, e.g., Ryan. v. Heckler*, 762 F.2d 939, 941–42 (11th Cir.1985); *Hudson v. Heckler*, 755 F.2d 781, 785–86 (11th Cir.1985); *Owens v. Heckler*, 748 F.2d 1511, 1514–16 (11th Cir.1984). In *Owens*, we held that an ALJ should "state with at least some measure of clarity the grounds for his decision," and that when an ALJ rejects a claimant's testimony on credibility grounds, he should do so explicitly. 748 F.2d at 1516. We explained that these requirements were necessary "so that we can perform the function entrusted to us in the administrative scheme. We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts." *Id.*

■ This reasoning applies with equal force to the present situation. We cannot conduct a meaningful review of the Appeals Council's decision when the Appeals Council ignores an ALJ's credibility findings and fails to provide any explanation or justification for doing so. We therefore hold that the Appeals Council has the power to reject an ALJ's credibility findings, but in determining whether there is substantial evidence to support the decision of the Appeals Council, a federal court will consider the record as a whole, including, inter alia, the ALJ's credibility findings and the reasons those findings were rejected by the Appeals Council. In order to permit meaningful review, we also hold that the Appeals Council should ordinarily[11] reject

---

**10.** For example, the decision of the ALJ becomes the final decision of the Secretary if the Appeals Council declines to review the ALJ's decision. *See, e.g., Wiggins v. Schweiker*, 679 F.2d 1387, 1388 (11th Cir.1982).

**11.** There may well be contexts in which it would be unnecessary for the Appeals Council to expressly reject the ALJ's credibility findings and explain its conclusion. For example, the Appeals Council may reject a credibility finding of

an ALJ in a case where the credibility of the particular witness was unimportant to the decision. In such a case, the substantiality of the evidence to support the Appeals Council's decision would be little affected by whether or not the witness was credible. *See supra*, at 1520.

Similarly, while it would be the better practice for the Appeals Council to expressly reject the ALJ's credibility findings and articulate its reasons, the reviewing court's function would

the ALJ's credibility findings expressly and state the reasons for its conclusion. The Appeals Council's rejection of the credibility findings in light of the stated reasons must, of course, be supported by substantial evidence on the record as a whole.

## III. CONCLUSION

Although the panel in *Hand v. Bowen* correctly focused on the decision of the Appeals Council as the final decision of the Secretary to which a reviewing court owes the statutorily mandated deference, we remand the case to the panel for further consideration since the panel did not consider whether the Appeals Council had complied with our requirement that reasons be identified for the Appeals Council's rejection of the ALJ's credibility findings.

We also remand *Parker v. Bowen* to the panel for reconsideration in light of the standards herein articulated.

REMANDED to panels.

---

not be frustrated if the Appeals Council's implicit rejection and explanation were sufficiently clear to permit review. *Cf., e.g., Tieniber v. Heckler*, 720 F.2d 1251, 1254–55 (11th Cir.1983) (ALJ need not make express credibility finding, but "the implication must be so clear as to amount to a specific credibility finding"); *Allen*

*v. Schweiker*, 642 F.2d 799, 801 (5th Cir. Unit B, April 15, 1981) (ALJ need not make explicit credibility finding if implication is "clear").

