PER CURIAM:
 

 We have withheld a decision in this appeal pending a decision by the Court en banc in the case of
 
 Parker v. Bowen,
 
 788 F.2d 1512.
 

 This is an appeal from a decision of the district court affirming a determination by the Secretary that Moon was not entitled to benefits under the disability provisions of the Social Security Act. The finding of disability by the Administrative Law Judge was reversed by the Appeals Council which took the appeal on its own motion, as was the case in
 
 Parker.
 

 The appeal in
 
 Parker
 
 involved two matters for resolution by this Court. The first was the standard of review of the Secretary’s determination. The second related to the requirements if the Appeals Council’s rejected credibility findings by the Administrative Law Judge.
 

 As to the first issue, the court held:
 

 Accordingly, we hold that in cases where the Appeals Council reverses an AU’s decision on its own motion, judicial review is limited to determining whether the Appeals Council’s decision is supported by substantial evidence.
 

 788 F.2d at 1519. As to the second issue, the court held:
 

 ... We therefore hold that the Appeals Council has the power to reject an AU’s credibility findings, but in determining whether there is substantial evidence to support the decision of the Appeals
 
 *1493
 
 Council, a federal court will consider the record as a whole, including,
 
 inter alia,
 
 the ALJ’s credibility findings
 
 and the reasons those findings were rejected by the Appeals Council.
 
 In order to permit meaningful review, we also hold that the Appeals Council should ordinarily reject the ALJ’s credibility findings
 
 expressly
 
 and
 
 state the reasons for its conclusions.
 

 788 F.2d at 1521 (emphasis added.)
 

 In the case before us, Moon made a showing of psychological and neurotic conditions sufficient for the AU and the Appeals Council to find that he could not continue in his present work, a task which involved stressful conditions, and an ability to conduct interpersonal relationships. The ALJ found these conditions to be so serious as to entitle him to a disability finding. Upon review by the Appeals Council, the Council made the following findings:
 

 1. The claimant met the special earnings requirements of the Act on May 81, 1979, the date that the claimant stated he became unable to work, and continues to meet them through at least September 30, 1983.
 

 2. The claimant has the following impairments: a passive dependent personality disorder and neurotic depression.
 

 3. The claimant’s allegations of pain and nervousness are not credible to the extent that such problems would preclude simple routine work activities at all exertional levels.
 

 4. The claimant has the residual functional capacity to perform work-related functions except for work involving excessive stress or complex tasks.
 

 5. The claimant is unable to perform his past relevant work as a mobile home service man.
 

 6. The claimant does not have a significant exertional impairment.
 

 7. The claimant’s nonexertional limitations do not significantly affect his exertional ability; therefore, considering that ability within the framework of the rules in Appendix 2, Sub-part P of Regulations No. 4, the claimant is not disabled.
 

 In its discussion, the Council also concluded as follows:
 

 The Appeals Council has also • taken into account the claimant’s allegations with respect to pain and nervousness. The Social Security Act and its implementing regulations take note of the importance of such complaints in the evaluation of disability and require that an individual’s own description of symptoms and limitations be considered, together with the pertinent signs and laboratory findings shown in the record. Sections 404.1528, 404.1529, 416.928 and 416.929 of the regulations specifically provide that an individual’s statements alone are not enough to establish that there is a physical or mental impairment and that a finding of “disability” will not be based on symptoms, including pain, unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms. In the instant case, the evidence establishes that the claimant has a personality disorder and depression;
 
 no physical limitation has been documented.
 
 (Emphasis added.)
 

 We agree with the trial court’s determination that these factual determinations by the Appeals Council were fully supported by substantial evidence. Thus, the first requirement of
 
 Parker
 
 is satisfied.
 

 Turning, now, to the requirement of
 
 Parker
 
 that if the Appeals Council rejects an Administrative Law Judge’s credibility finding as to such symptoms as pain and nervousness, the Council should explain its reason for such rejection. We discuss this issue because appellant complains that the Appeals Council improperly handled the issue of Moon’s contention that he suffered from pain and nervousness, both subjective symptoms.
 

 
 *1494
 
 In point of fact, the Appeals Council in this case did not reject any credibility finding by the Administrative Law Judge with respect to Moon’s claim that he was disabled on account of pain. The decision of the AU with respect to Moon’s disability was as follows:
 

 In. 1961 claimant was discharged from the Navy because of an emotional instability reaction manifested by episodes of tearfulness and despondency associated with excessive drinking, emotional liability, immaturity, and difficulties adjusting to even minor stresses. Claimant has been diagnosed at Veterans’ Administration Hospitals as having a severe manic depressive anxiety disorder. In 1979, claimant experienced a severe inability to function. On June 11,1979 claimant was examined by Dr. Estes at the Apalachee Community Mental Health Services in Tallahassee, Florida. The claimant was placed on Lithium and Valium and received counseling thereafter until September 13,1979 when his case was closed due to non-compliance with appointments and recommendations. Claimant’s case was re-opened on February 4, 1980 when he returned to the clinic displaying a severe depressive neurosis. In an August, 1979 report, Dr. Estes states that the claimant’s anxiety and neurosis had been incapacitating and precluded him from continuing his usual occupation as a mobile home repairman because of an inability to tolerate stress. Dr. Estes reports that the claimant could not even operate a motor vehicle safely because of extreme tension. Further, claimant could not interact with customers because of uncontrollable and explosive anger.
 

 Claimant’s condition has continued to be disabling. For instance, in an April, 1982 report from the Mental Health Clinic claimant is described as continuing to be quite depressed. Claimant has difficulty sleeping and only eats sporadically. Claimant is described as being unable to stay in any one location for any length of time, having traveled from one facility to another from Florida to Ohio and to Mississippi seeking treatment. Claimant requires a social support system in order to sustain him. Essentially, claimant has shown only minimal ability to function outside of hospitals and counseling situations. Currently, claimant is reported as showing suicidal ideations and is showing extremely poor judgment.
 

 The record is replete with lengthy Veterans’ Administration Hospital records which also confirm claimant’s inability to function in both social and work environments. Claimant has resided in domicili-aries in Florida, Ohio and Mississippi.
 

 Part of claimant’s symptomatology centers around complaints of atypical chest pain and of generalized arthritic complaints. In May, 1982 claimant was examined at the expense of the Administration by David E. Kaproth, M.D. Dr. Kaproth states that claimant is restricted from heavy work because of low back complaints but that otherwise claimant is not physically disabled. However, the physician cautioned that the claimant’s psychiatric records should be evaluated with due regard to the claimant’s symp-tomatology complex. In this regard, MMPI testing as early as October 27, 1976 shows that the claimant has displayed a markedly elevated hypochon-driasis and hysterical scales as well as elevated neurotic and depressive scales compatible with a functional neurotic disorder of significant degree.
 

 At the hearing, claimant testified that he has made attempts to return to work unsuccessfully after his alleged onset date, including such attempts in 1979. Basically, claimant stated that he was not able to handle returning to work when he attempted employment.
 

 The entire medical record in this case establishes that the claimant was functioning at a barely marginal level until May, 1979. The claimant has a very low stress tolerance, and even though there
 
 *1495
 
 are periods of improvement, claimant repeatedly loses total control, breaks down and becomes unable to function even in his personal activities. Claimant seeks social service help on a regular basis and does well only when in a supportive medical and/or counseling environment. Claimant’s desire for disability benefits arises from his severe psychiatric problems which appear to be quite beyond his control. The claimant’s life in the past few years had demonstrated a substantial inability to function in social and work environments.
 

 After careful consideration of all the evidence of record, I find that with respect to the claim filed for a period of disability and disability insurance benefits, the disability earnings requirements are met; that beginning on May 31,1979, the claimant was “disabled” as defined in sections 216(i) and 223 of the Security Act (42 U.S.C. 416(0 and 423) and that the claimant’s disability has continued through the date of this decision.
 

 From this decision, it is clear that the AU based no part of his determination of Moon’s disability on pain. In fact, he stated that: "Claimant’s desire for disability benefits arises from his severe psychiatric problems which appear to be quite beyond his control. The claimant’s life in the past few years had demonstrated a substantial inability to function in social and work environments.” It is to be noted also that the reference to pain in the Appeals Council’s finding was only to “the claimant’s allegations of pain.” It made no reference to any credibility determination by the AU which it was rejecting.
 

 We conclude, therefore, that under the standard of
 
 Parker,
 
 the district court’s judgment must be, and is, AFFIRMED.