ADAMS, Justice
(dissenting).
Although I agree that final rulings of a state agency must be reviewed with a presumption of correctness, in the absence of contrary statutory language, I must respectfully dissent in this instance.
This case involves a determination of eligibility for Medicaid benefits. At a hearing November 9, 1984, an Alabama Medicaid Agency hearing officer established that on March 22, 1984, Jewel Wood, the appellant, deeded her home, worth $19,-900.00, to her son in exchange for which he promised to sell the property and apply the proceeds to the construction of a new house. He promised that he and his wife would provide a home for Mrs. Wood, whose health was deteriorating; a place where they would be better able to care for her. The son’s promise was, however, never executed. He testified that he was unable to sell the property after attempting to do so for six months.
Mrs. Wood’s health began to deteriorate rapidly. Her son and his wife concluded that they could not care for his mother and •that she was unable to care for herself. Mrs. Wood entered a nursing home and applied for Medicaid benefits six months after having deeded her property to her son.
At an official hearing, the Medicaid hearing officer concluded that Mrs. Wood and her representatives had presented convincing evidence to rebut the presumption included in Rule 560-X-25-.09, Ala. Medicaid Adm. Code, and that the transfer of property to her son was not for the purpose of obtaining Medicaid benefits.. He recommended that the 24-month period of disqualification described in the Rule not be applied in this case.
The hearing officer’s recommendation was not accepted by the Agency’s commissioner, however. Commissioner Baggiano informed Mrs. Wood that she was ineligible for nursing home Medicaid benefits. The Commissioner decided that: (1) Wood conveyed the property on March 22, 1984, and applied for Medicaid benefits on August 17, 1984; (2) Wood would have had resources in excess of the Agency standards but for the transferred resource; and (3) the un-controverted testimony indicates that the consideration or thing of value promised to Wood in exchange for transferring her *246 house was not received by Wood. The Etowah County Circuit Court affirmed the Commissioner’s action.
• The Court of Civil Appeals affirmed the decision of the circuit court, holding that “the Agency could reasonably have concluded that Wood had not proven by convincing evidence that she transferred her property to her son exclusively for a purpose other than to establish her eligibility for Medicaid benefits.” (Emphasis added.)
Rule 560-X-25-.09 of the Alabama Medicaid Administrative Code provides, in part:
Rule No. 56Q-X-25-.09. Transfer of Resources Affecting Eligibility.
(1) Any transfer of an applicant’s/recipient’s resources, or interest therein, made for the purpose of establishing or maintaining eligibility for Medicaid benefits shall result in that applicant/recipient’s being ineligible for such benefits for a period of twenty-four (24) months.
(2) Any transfer of resources, or interest therein, for less than fair market value is presumed to be for the purpose of establishing or maintaining Medicaid eligibility when:
(a) The transfer occurs within twenty-four (24) months of the applicant’s filing an application for benefits or upon any redetermination of the recipient’s eligibility, and;
(b) The applicant/recipient either:
(1) would have resources in excess of agency standards but for the transfer, or;
(2) would have excess resources but for the failure to receive fair market value consideration for the transferred resource, or interest therein.
(3) To rebut the presumption established under Paragraph (2) of this Rule, the applicant/recipient must furnish convincing evidence that the transfer was exclusively for some other purpose.
In the present case, the hearing officer who observed and listened to Mrs. Wood and her representatives concluded that she had met her burden of furnishing convincing evidence to rebut the presumption of ineligibility. Commissioner Baggiano disagreed and declared Mrs. Wood ineligible.
Although the Agency commissioner has the authority to make a final determination regarding eligibility for benefits, that authority must never be permitted to rise to the level of unfettered discretion. To allow such license would be tantamount to vesting absolute authority in an administrative appointee.
The sole requirement set out by Rule 560-X-25-.09 for rebutting the presumption of ineligibility is that an applicant furnish convincing evidence that the transfer was exclusively for some purpose other than to become eligible for benefits.
Paragraph (1) of the Rule states the presumption that the transfer of property is for the purpose of achieving eligibility for Medicaid benefits when the transfer occurs within 24 months of application. This presumption, as paragraph (3) attests, is re-buttable. To rebut the presumption that she was not entitled to receive benefits, Mrs. Wood, her son, and her daughter-in-law testified before a hearing officer and convinced him that the transfer of her property to her son was exclusively for a purpose other than to qualify for Medicaid benefits. The second reason given for the Commissioner’s rejection of Mrs. Wood’s application is nothing more than a reiteration of the presumption contained in paragraph (2)(b)(2).
Although the Commissioner was acting within her authority in making the final decision regarding Mrs. Wood's application for benefits, our review must consider the record as a whole and, in our review, we must examine the reasons for the Commissioner’s rejection of the hearing officer’s findings. In Parker v. Bowen, 788 F.2d 1512 (11th Cir.1986), the Eleventh Circuit Court of Appeals recognized that although the Social Security Appeals Council had the power to reject the credibility findings of the administrative law judge who heard evidence in the case, “a federal court will consider the record as a whole, including, inter alia, the administrative law judge’s credibility findings and the reasons those findings were rejected by the Appeals *247 Council.” Id., at 1521. The court further held that if the Appeals Council rejects the administrative law judge’s credibility findings it should ordinarily do so expressly and state its reasons for the conclusions reached. Id., at 1521-22. The situation presented here is analogous to that in Parker in that the Commissioner failed to expressly reject the findings of the hearing officer regarding the credibility of Mrs. Wood’s claim for benefits and gave as one of the reasons for the rejection nothing more than a reiteration of the facts required by the statute to create the presumption. The third reason for the rejection — that the thing of value promised Wood was not received — is equally untenable.
Rule 560-X-25-.09 does not require an applicant to prove the actual receipt of consideration in exchange for the transfer of property. It requires only that the applicant furnish convincing evidence that the transfer was not made for the purpose of establishing Medicaid eligibility. By rejecting Mrs. Wood’s application, for a reason not recognized by the Rule as a basis for denying a claim, and by failing to expressly reject the findings of the hearing officer and identify the reasons why she rejected those findings, the Commissioner was in error. After having seemingly satisfied the criteria for rebutting the presumption of ineligibility imposed by Rule 560-X-25-.09(3), Mrs. Wood had her claim denied by the Commissioner for improper reasons. The Court of Civil Appeals affirmed, 509 So.2d 242, on the grounds that the Agency could have concluded that Mrs. Wood had failed to furnish convincing evidence that the transfer of her property was for purposes other than to achieve Medicaid eligibility. For the reasons set forth in Parker, supra, such a conclusion is inadequate. When the Commissioner has expressly stated her reasons for denying an application, this Court should not infer other grounds for that decision. If Mrs. Wood’s application was due to be rejected because of a rejection of the hearing officer’s findings, the Commissioner was bound to expressly state her reasons for rejecting the findings of the hearing officer who saw and heard the witnesses. To require less of the Commissioner is not only unfair to the applicant, but condones fundamentally unreasonable, arbitrary, and capricious exercise of discretion. (See Code of Alabama 1975, § 41-22-20(k)(7).) I would reverse and remand.
JONES and BEATTY, JJ., concur.