**Autry R. HAND, Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 84–8630.**

United States Court of Appeals, Eleventh Circuit.

July 9, 1986.

---

William I. Aynes, Atlanta, Ga., for plaintiff-appellant.

Amy D. Levin, Asst. U.S. Atty., Atlanta, Ga., William Kanter, Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

This panel's opinion in *Hand v. Heckler,* 761 F.2d 1545 (11th Cir.1985), was vacated for rehearing en banc, 774 F.2d 428 (11th Cir.1985). On rehearing, the en banc court agreed with this panel's prior holding that the proper scope of judicial review in Social Security cases focuses on the substantiality of the evidence supporting the Appeals Council's decision, even when the Appeals Council has rejected the decision of the Administrative Law Judge ("ALJ"). *Parker v. Bowen,* 788 F.2d 1512, 1516–20 (11th Cir.1986) (en banc). However, the en banc court also held that if the Appeals Council rejects the credibility findings of the ALJ, the substantiality of the evidence may be affected, and therefore the Appeals Council should ordinarily provide reasons for its rejection of the ALJ's credibility finding; such rejection in light of the stated reasons must be supported by substantial evidence on the record as a whole. *Id.* at 1520–22. Since our prior panel opinion did not consider whether the Appeals Council had adequately explained its rejection of the ALJ's credibility findings, the en banc court remanded the case to this panel for that purpose.

We now hold that the Appeals Council adequately explained its rejection of the ALJ's credibility findings and that this conclusion is supported by substantial evidence on the record as a whole.

The Appeals Council expressly found that Hand's complaints of pain were not credible. The Appeals Council's explanation for this finding was that the clinical and laboratory findings did not establish the existence of an impairment that could reasonably be expected to produce pain of the severity alleged. The Appeals Council specifically discussed the written report of Dr. Pruce (the physician to whom Hand was referred by his attorney), the only evidence that arguably might have provided a medical basis for the pain. Dr. Pruce's report was discounted both because it consisted merely of a conclusory opinion that was not supported by clinical or laboratory findings and because it was in conflict with the opinion of Hand's treating physicians and the consulting neurologist.

The basis for the Appeals Council's rejection of the ALJ's credibility finding is readily apparent, and is sufficient to permit our review. We find ample evidence in the record as a whole to support this finding. Except for these changes, the previous opinion of this panel, 761 F.2d 1545, is reinstated.

The judgment of the district court is AFFIRMED.