Thomas H. BLANKENSHIP,
Plaintiff-Appellant,

v.

Otis R. BOWEN, Secretary of Health
and Human Services,
Defendant-Appellee.

Nos. 85–3504, 85–3565.

United States Court of Appeals,
Eleventh Circuit.

Oct. 15, 1986.

Jeffrey Kushner, Ft. Myers, Fla., Sanford A. Meizlish, Columbus, Ohio, J. Christopher Deem, Barkan & Neff, Tampa, Fla., for plaintiff-appellant.

Dennis I. Moore, Asst. U.S. Atty., Tampa, Fla., for defendant-appellee.

Before FAY and KRAVITCH, Circuit Judges, and HENLEY *, Senior Circuit Judge.

PER CURIAM:

This case involves a claim for Social Security benefits. Thomas Blankenship, (hereinafter appellant), was born on April 28, 1924. He has a tenth grade education and past relevant work experience as a heavy duty truck mechanic. Appellant alleged an inability to work commencing on

---

* Honorable J. Smith Henley, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designa- tion.

February 28, 1982 due to emphysema, bilateral hearing loss, and pain in both lower legs. Appellant filed an application for disability benefits which was denied initially and upon reconsideration by the Social Security Administration. Appellant then obtained a hearing before an ALJ (Administrative Law Judge), who determined appellant was not disabled as defined in the Social Security Act. This decision was approved by the Appeals Council. Subsequently, appellant filed a second application for disability benefits, which was again denied initially and upon reconsideration. However, at the ALJ stage in a recommended decision, the ALJ considered the case *de novo* and determined appellant to be disabled. The Appeals Council, on its own motion, reviewed the ALJ's recommended decision and declined to adopt the ALJ's findings on the issue of disability. The United States District Court for the Middle District of Florida affirmed. On appeal to this court, appellant alleges the Appeals Council's own motion review was contrary to Social Security regulations and that the Appeals Council erred in rejecting the ALJ's findings of credibility and his evaluation of the evidence.

We held this case pending final resolution in *Parker v. Bowen*, 788 F.2d 1512 (11th Cir.1986) (en banc). In *Parker*, this court held: (1) the Appeals Council retains the authority to review, on its own motion, any decision of an ALJ; (2) that the Appeals Council is not bound by the ALJ's credibility findings, but if it rejects such findings it should ordinarily do so expressly, stating the reasons for its conclusion; (3) the Appeals Council's rejection of the stated reasons must be supported by substantial evidence on the record as a whole. *Id.* at 1515–20. Applying the principles of *Parker*, we affirm.

■ Appellant (Claimant) argues the Appeals Council's own motion review is contrary to 20 C.F.R. § 404.970(a) (1985) which provides:

(a) The Appeals Council will review a case if—

(1) There appears to be an abuse of discretion by the administrative law judge;

(2) There is an error of law;

(3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or

(4) There is a broad policy or procedural issue that may affect the general public interest.

Appellant contends if one of the above grounds set forth in § 404.970 is not present, the Appeals Council is without authority to review a decision of an ALJ. However, this Court in *Parker* expressly resolved this issue to the contrary. *Parker*, 788 F.2d at 1515–20. Moreover, 20 C.F.R. § 404.969 (1985) provides the Appeals Council the authority to review the ALJ's decision *"[A]nytime* within 60 days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken ..." (emphasis added). This Court in *Parker* held that § 404.969 would be superfluous if the argument advanced by appellant was accepted.

If the Secretary had intended to limit own motion review to the four grounds listed in section 404.970(a), it would have been unnecessary to include section 404.969 (footnote omitted). Moreover, section 404.970(a) does not provide that the Appeals Council can only review certain classes of cases, but rather states that the Appeals Council 'will' review an ALJ's decision if one of these grounds is present.

*Id.* at 1518–19. Accordingly, it is now clear that the Appeals Council had the authority to review, on its own motion, the recommended decision of the ALJ.

The appellee, on the other hand, argues the Social Security Regulations make a distinction between an initial (or final) decision of an ALJ and a recommended decision. 20 C.F.R. § 404.953(b) (1985) provides: "[A]lthough an administrative law judge will usually make an initial decision, where appropriate he or she may send the case to the Appeals Council with a recommended

decision...." The decision of the Administrative Law Judge is binding on all parties to the hearing unless the decision is a recommended decision directed to the Appeals Council. 20 C.F.R. § 404.955(e) (1985). Further, 20 C.F.R. § 404.979 (1985) provides in pertinent part:

> After it has reviewed all the evidence in the hearing record and any additional evidence received, the Appeals Council will make a decision or remand the case to an administrative law judge. The Appeals Council may affirm, modify or reverse the hearing decision or it may adopt, modify or reject a recommended decision.

Thus, appellee contends the regulations provide for differential treatment of recommended decisions. Specifically, that the provisions of 20 C.F.R. § 404.970(a) (1985) are inapplicable since they deal solely with "final" decisions of the ALJ. After an examination of the record, we find this case to be controlled by *Parker*, and as such, the argument advanced by appellee is pretermitted and need not be decided at this time. In *Parker*, 788 F.2d at 1516–17, this Court held that the Secretary:

> [P]ursuant to his rulemaking authority under 42 U.S.C. § 405(a), ... has delegated the duty of making 'final decisions' to the *Appeals Council. See* 20 C.F.R. §§ 404.900, 404.981, 416.1400, 416.1481 (1985) (footnote omitted). Since the statute provides that federal courts may only review the Secretary's 'final decision,' and since the Secretary has delegated his authority to make final decisions to the *Appeals Council*, federal courts must review the *Appeals Council's decision* to determine if it is supported by substantial evidence. (emphasis added).

Secondly, appellant argues the Appeals Council erred in rejecting the ALJ's findings of credibility and in its refusal to adopt the ALJ's evaluation of the evidence on the ultimate issue of disability. This Court in *Parker* specifically held, "the Appeals Council is not bound by the ALJ's credibility findings, but when it rejects

such findings, it should ordinarily do so expressly, articulating the reasons for its conclusion." *Id.* at 1520. The Sixth Circuit in *Beavers v. Secretary of Health, Education & Welfare*, 577 F.2d 383 (6th Cir.1978) provides the underlying rationale:

> It is beyond dispute that the Appeals Council, and the Secretary, have the *power* to conclude that testimony, even if uncontradicted in the record, is not credible, since the Secretary is entrusted with the duty of making all findings of fact. Since the statutorily-mandated deference to findings of fact runs in favor of the Secretary, not the administrative law judge, the Appeals Council has the power to do so even if the administrative law judge has determined otherwise.

*Beavers*, 577 F.2d at 386.

Thus, the final step in our analysis is to determine whether the Appeals Council articulated its reasons for rejecting the ALJ's findings of credibility and evaluation of the evidence, and whether this conclusion is supported by substantial evidence on the record as a whole. This Court in *Parker* held:

> "in determining whether there is substantial evidence to support the decision of the Appeals Council, a federal court will consider the record as a whole, including, inter alia, the ALJ's credibility findings and the reasons those findings were rejected by the Appeals Council."

*Parker*, 788 F.2d at 1521.

In the case at hand, the Appeals Council found, "the claimant's allegations of blackouts and dizziness are not consistent with the completely normal neurological examination, nor are his subjective complaints of leg pain consistent with the degree of degenerative changes shown by the medical evidence." 20 C.F.R. § 404.1529 (1985) provides:

> If you have a physical or mental impairment, you may have symptoms (like pain, shortness of breath, weakness or nervousness). We consider all your symptoms, including pain, and the extent to which signs and laboratory findings confirm these symptoms. The effects of

all symptoms, including severe and prolonged pain, must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptom. We will never find that you are disabled based on your symptoms, including pain, *unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms.* (emphasis added).

*Hand v. Bowen,* 793 F.2d 275 (11th Cir. 1986) (a case consolidated on appeal with *Parker v. Bowen*), is closely analogous. In *Hand,* the district court affirmed the Appeals Council's denial of disability benefits. The court of appeals affirmed. *Hand v. Heckler,* 761 F.2d 1545 (11th Cir.1985). On rehearing en banc, the court remanded the case for the purpose of determining whether the Appeals Council had adequately explained its rejection of the ALJ's credibility findings. *Parker v. Bowen,* 788 F.2d 1512, 1522 (11th Cir.1986). The Appeals Council in *Hand,* as in the case at bar, expressly found the claimant's complaints of pain were not credible. *Hand,* 793 F.2d at 276. The Court stated "[T]he Appeals Council's explanation for this finding was that the clinical and laboratory findings did not establish the existence of an impairment that could reasonably be expected to produce pain of the severity alleged." *Id.* The Appeals Council went on to discuss the report of Dr. Pruce, (a physician to whom Hand was referred to by his attorney). However, the Appeals Council disapproved of Dr. Pruce's report because "it consisted merely of a conclusory opinion that was not supported by clinical or laboratory findings and because it was in conflict with the opinion of Hand's treating physicians and the consulting neurologist." *Id.* The Court concluded the Appeals Council's re-

jection of the ALJ's credibility findings was adequately explained and supported by substantial evidence on the record as a whole. *Id.*

As to the appellant's contention that the Appeals Council erred in refusing to adopt the ALJ's evaluation of the evidence on the ultimate issue of disability, the ALJ found that:

> The evidence establishes claimant's chronic obstructive pulmonary disease has progressively worsened and he is further limited by his bilateral hearing loss, as well as recent documentation of arthritis requiring steroid injections, to the extent that by at least the examination of January 6, 1984, he was limited to no more than sedentary work activity....[1]

The ALJ after considering the rules and guidelines in the Social Security regulations applicable to those determined to have the residual functional capacity of sedentary work found, due to the claimant's residual functional capacity, age, education, and work experience, that he was disabled pursuant to section 404.1569 of Regulations No. 4 and Rule 201.02 of Table No. 2, [sic][2] Appendix 2, Subpart P, Regulation No. 4.

The Appeals Council agreed that claimant suffered from a chronic respiratory problem which had worsened slightly since 1983. However, based upon examinations conducted on January 6, 1984 and June 6, 1984 by Dr. Kenneth Berdick, a board certified internist, the Appeals Council determined that although "this impairment may prevent him from performing his past relevant work as a heavy duty truck mechanic, pulmonary function studies on January 6, 1984 demonstrate the residual functional capacity to perform the physical exertion

---

1. 20 C.F.R. § 404.1567(a) (1985) defines sedentary work as that which "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required

occasionally and other sedentary criteria are met."

2. Rule 201.02 is not located in Table No. 2, rather it is located in Table No. 1, which is the Table applicable to claimants determined to have the residual functional capacity of sedentary work.

requirements of medium work ..."[3] In determining that claimant possessed the residual functional capacity to perform medium work, the Appeals Council discussed an examination given January 6, 1984 by Dr. Berdick which "revealed restricted bilateral excursion with diminished breath sounds and some tussive rhonchi. There are no wheezes." The Council concluded that although there was some impairment it simply was not as severe as that claimed. As to the claimant's bilateral hearing loss, the Appeals Council noted Dr. Berdick found that the claimant "does have some diminishment in his hearing but in a quiet room he was able to hear normal conversational speech." The Appeals Council determined "[T]his hearing loss is not so severe that it would impose any significant limitations on the claimant's ability to perform work related functions." The Appeals Council further mentioned that Dr. Berdick concluded "[T]here was full range of motion in all joints without pain ... [G]rip strength, finger dexterity, and gait appeared normal." Finally, the Appeals Council noted that in response to right hip pains on June 6, 1984, claimant was given steroid injections which "significantly improved" claimant's hip. The Appeals Council then considered the rules and guidelines set forth in the Social Security regulations applicable to persons capable of a residual functional capacity of medium work and concluded, based on the claimant's age, education, and work experience, he was not disabled as defined in the Social Security Act.

## CONCLUSION

 Under the Social Security statutory scheme the Appeals Council has the authority to review, on its own motion, a recommended decision of an ALJ. Applying the standards enunciated in *Parker* to the ruling made here, we conclude that the Appeals Council adequately explained its rejection of the ALJ's findings and that this conclusion is supported by substantial evidence on the record as a whole.

AFFIRMED.

---

**3.** 20 C.F.R. § 404.1567(c) (1985) defines medium work as work involving "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work."