**Billy R. SCOTT, Plaintiff-Appellee,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant-Appellant.**

No. 86-7154
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 2, 1987.

Frank W. Donaldson, U.S. Atty., Jenny L. Smith, Asst. U.S. Atty., Birmingham, Ala., Julie Simpson, Dept. of HHS, Office of the Secretary Office of the Gen. Counsel, Baltimore, Md., for defendant-appellant.

R. Michael Booker, Shores & Booker, Birmingham, Ala., for plaintiff-appellee.

Before TJOFLAT, HATCHETT and CLARK, Circuit Judges.

CLARK, Circuit Judge:

This case is on appeal from the district court's reversal of a decision by the Secretary of Health and Human Services (the "Secretary") to deny plaintiff, Billy R. Scott, supplemental security income benefits.

## I. FACTS

Plaintiff's application for supplemental security income benefits, alleging disability due to asthma, was denied initially and on reconsideration. In a decision dated December 20, 1982, an Administrative Law Judge ("ALJ") found that although plaintiff had a severe impairment, the applicable medical-vocational guidelines directed a finding that he was not disabled. The Appeals Council denied plaintiff's request for review and on June 2, 1983, plaintiff filed a civil action in the United States District Court for the Northern District of Alabama. On October 31, 1983, the district court granted the Secretary's motion to remand the case for a *de novo* hearing on the ground that the tape recording of the hearing was inaudible. The case was remanded to the Appeals Council and on November, 30, 1983, the Appeals Council in turn issued an order remanding the case to an ALJ, with instructions to hold a *de novo* hearing and to issue a recommended decision, pursuant to 20 C.F.R. § 416.1483 (1986). The order further provided that plaintiff and his attorney should be given 20 days to comment on the recommended decision, after which time "the Appeals Council will review the record and issue its decision." Plaintiff and his attorney were sent copies of this order. A *de novo* hearing was held on February 21, 1984, and a supplemental hearing was held on September 6, 1984.

On February 19, 1985, the ALJ issued a decision suggesting that it be found that plaintiff had a severe impairment that prevented him from performing any substantial gainful activity at any level of exertion on a sustained basis and that he be found disabled. This decision was clearly captioned "Recommended Decision," and was sent to plaintiff and his attorney with a cover letter captioned, "Notice of Recommended Decision of Administrative Law Judge on Court Remand." The letter notified plaintiff and his attorney of their right to file exceptions, and concluded, "After the time for filing briefs and other written statements has expired, the Appeals Council will review the record and issue its decision." On July 12, 1985, the Appeals Council conducted its own review of the evidence and issued a decision specifically stating that it was not adopting the ALJ's recommended decision because based on

the medical evidence of record, the testimony of a vocational expert, and the medical-vocational guidelines, there were significant numbers of jobs available that plaintiff could perform, and plaintiff therefore was not disabled.

On August 13, 1985, the case was returned to the district court. On December 31, 1985, the court issued an opinion and order finding that the ALJ's decision was not in fact a "recommended decision" and, because of its reliance on this mischaracterization, the Appeals Council had failed to review the ALJ decision in a timely manner and was, therefore, bound by it. The court acknowledged that in certain situations, as when the federal courts have remanded a case to the Secretary with specific instructions, the Appeals Council may direct the ALJ to make a recommended decision, which is not binding on the Appeals Council. However, the court found that although the case was "in a technical sense" remanded to the Appeals Council, "there is no evidence to indicate that the ALJ's decision was truly a 'recommended decision' to the Council." Since the court did not remand the case with any specific instructions, and since the Appeals Council did not instruct the ALJ to conduct any specific inquiry, the district court concluded that the ALJ decision more closely resembled a "hearing decision" as contemplated by 20 C.F.R. § 404.946 (1986) rather than a "recommended decision" described in 20 C.F.R. § 404.983 (1986).[1] Relying on 20 C.F.R. § 404.969 (1986), which requires the Appeals Council to make its decision to review a hearing decision within 60 days of the decision, the district court held that the Appeals Council's review in this case was untimely and that the Secretary was bound by the ALJ's decision. The district court accordingly reversed.

## II. ISSUE ON APPEAL

The issue on appeal in this case is whether the district court erred in finding that the ALJ's decision of February 19, 1985, was not a recommended decision. We agree with the Secretary that the district court was in error, and therefore vacate the district court's decision. We remand for a determination by the district court as to whether the Appeals Council's decision was supported by substantial evidence.

## III. ANALYSIS

The primary issue in this case is whether the ALJ's February 19, 1985, decision was an "initial decision," as outlined in 20 C.F.R. § 416.1446 (1986), or a "recommended decision," as described in 20 C.F.R. § 416.1483 (1986). In deciding that this decision most closely resembled an initial decision, the district court relied on the fact that the court did not remand the case to the Appeals Council with any specific instructions, nor did the Council instruct the ALJ to conduct any specific inquiry. Instead, the sole purpose for the remand was to allow the Secretary an opportunity to conduct a *de novo* hearing, which the ALJ did conduct. While we certainly understand the common sense and logic of the district court's reasoning, we find nothing in the regulations to support a finding that an ALJ's decision after a federal court remand can ever be anything but a recommended decision.

■ The regulations provide that "if a Federal district court remands a case to the Appeals Council, and the Appeals Council remands the case to an [ALJ], *the case must be returned to the Appeals Council with a recommended decision.*" 20 C.F.R. § 416.1453(c) (1986) (emphasis added). It appears that the regulations treat all federal court and subsequent Appeals Council remands the same. Thus, regardless of

---

1. Although this case involved an application for benefits under Title XVI of the Social Security Act, the district court continually referred to the regulatory sections governing Title II claims, 20 C.F.R. § 404.901, *et seq.* (1986). The Title II regulations cited are identical in substance to those applicable to Title XVI claims, 20 C.F.R. § 416.1401, *et seq.* (1986). In the "Analysis" section of this opinion we cite only those regulations applicable to the adjudication of claims under Title XVI of the Act.

the nature or grounds for the remand, an ALJ is apparently limited to issuing a recommended decision. Further support for this conclusion is found in § 416.1483 which provides that "[w]hen a Federal court remands a case to the Appeals Council for further consideration, the Appeals Council may make a decision, or it may remand the case to an [ALJ] with instructions to take action and *return the case to the Appeals Council with a recommended decision.*" (Emphasis added).

█ Moreover, although we can find no cases directly addressing this issue, it appears that the Secretary has interpreted these regulations as requiring a recommended ALJ decision whenever there is a federal court remand. In *Graham v. Bowen*, 790 F.2d 1572 (11th Cir.1986), the district court remanded plaintiff's case to the Secretary for a *de novo* hearing; as in the present case, the tape of the administrative hearing had been lost. An ALJ conducted a *de novo* hearing and made a recommended decision, which was modified by the Appeals Council. This same procedure was followed in *Chrupcala v. Heckler*, No. 83–3824 (E.D.Pa. June 19, 1986) (WESTLAW, Allfeds database), wherein plaintiff's initial application for disability benefits was denied and plaintiff instituted suit in federal court. Upon plaintiff's motion, the case was remanded to the Appeals Council, which in turn remanded it to a different ALJ for a *de novo* hearing. Despite the fact that a *de novo* hearing was held, the ALJ issued a recommended decision, which the Appeals Council adopted. In neither case did any party question the propriety of the ALJ's issuance of a recommended decision following a federal court remand. Instead, it appears that this is the standard

procedure. Certainly this agency interpretation of its own regulations is entitled to deference—"[t]he administrative interpretation is controlling unless it is plainly erroneous or inconsistent with the language and purposes of the regulation." *Parker v. Bowen*, 788 F.2d 1512, 1518 (11th Cir. 1986). We see nothing in the Secretary's interpretation which is either plainly erroneous or inconsistent with the language of the regulations, instead, it appears that this interpretation is wholly consistent with the language of the regulations. Thus, we find that the ALJ's February 19, 1985, decision was in fact a "recommended decision," and for that reason the Appeals Council was not bound by the sixty-day review period established by 20 C.F.R. § 414.1469 (1983) (the Title XVI equivalent of § 404.969).[2] The district court decision is vacated.

█ The Secretary also seeks a remand to the district court. We find that a remand is necessary to allow the district court to decide whether the final decision of the Secretary (the Appeals Council's July 12, 1985, decision) is supported by substantial evidence, as required under *Parker v. Bowen*, 788 F.2d 1512 (11th Cir. 1986).

The district court's reversal of the Secretary's decision is vacated and the case is remanded to the district court for further determination.

VACATED and REMANDED.

**2.** Appellee contends that even if the decision in question was a recommended decision, the Appeals Council must review it within a reasonable time. Furthermore, appellee argues that this reasonable time period should be sixty days. This court has previously refused to judicially impose strict time limits on the Secretary. *Nowells v. Heckler*, 749 F.2d 1570 (11th Cir. 1985). Moreover, even if the court adopted appellee's contention that sixty days is the reasonable time limit for review of a recommended decision, we would have to reject appellee's argument that the Secretary's action was untimely. By letter dated February 19, 1985, (the date of the ALJ decision) appellee was notified of the Appeals Council's intent to review; even appellee admits that in this circumstance "[i]t would not be necessary for the Appeals Council to accomplish its review within the 60 day time period but only that the Council notify the disability claimant of the intent to review." (Appellee's Brief at 7–8).