905 F.2d 266
 30 Soc.Sec.Rep.Ser. 172, Unempl.Ins.Rep. CCH 15504A
Leslie L. DAUBERT, as natural Mother and Guardian of Derrek
G. Dunbar, Plaintiff-Appellant,
v.
Louis W. SULLIVAN,* Secretary, Department of
Health and Human Services; Department of Health
and Human Services, an agency of the
United States, Defendants-Appellees.
 No. 88-4021.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 8, 1989.
Decided June 1, 1990.
 
 Keith A. Buchholz, Tracy, McDaniel and Buchholz, Bremerton, Wash., for plaintiff-appellant.
 Gary J. Thogersen, Asst. Regional Counsel, Seattle, Wash., for defendants-appellees.
 Appeal from the United States District Court for the Western District of Washington.
 Before WALLACE and NELSON, Circuit Judges, and WILSON,** District Judge.
 WALLACE, Circuit Judge:
 
 
 1
 Daubert appeals from the district court's decision upholding the Secretary of Health and Human Services' (the Secretary) denial of her application for Social Security Survivor's benefits on behalf of her son, Derrek. The district court exercised jurisdiction pursuant to 42 U.S.C. Sec. 405(g). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 2
 * Derrek's father, John Strong, disappeared from his residence in Fairbanks, Alaska about May 6, 1983. Since that date, he has not had contact with either his son, Daubert, or his friends.
 
 
 3
 On April 3, 1984, Daubert filed an application for survivor's benefits on behalf of Derrek. The application was denied initially and upon reconsideration. Thereafter, Daubert filed a request for a hearing before an administrative law judge (ALJ). After considering all of the evidence, the ALJ rejected Daubert's application, concluding that Strong's death or presumed death had not been established.
 
 
 4
 While Daubert's application was pending before the ALJ, a coroner's jury was convened in Fairbanks and held a presumed death hearing. At that hearing, the police detective who had conducted an investigation into Strong's disappearance testified that Strong was a known cocaine dealer who carried large amounts of cash and frequently traveled to Arizona, probably to obtain drugs. He stated that Strong's belongings had been left behind, including his automobiles. He also testified that Strong's friends and relatives had been contacted and all of them had stated that they had not heard from Strong since his disappearance.
 
 
 5
 Another witness, a person who had previously been involved in drug dealings with Strong, testified that with the large amounts of money to which Strong had access, it would not be difficult for Strong to disappear for a long time. He also opined that it was possible that someone could have killed Strong for his money. Another law enforcement official testified that he believed Strong was the victim of a homicide, but he also stated that this was only a suspicion.
 
 
 6
 After hearing this and other evidence, the jury concluded that Strong should be presumed to have met his death by violent means on or about May 6, 1983. This verdict resulted in the issuance of a certificate of presumptive death. The presiding judge made it clear that if the fact of Strong's death later became known by discovery of the body, the certificate of presumed death would be amended to indicate the fact of death.
 
 
 7
 After the ALJ rejected Daubert's application, the ALJ's decision was affirmed by the Appeals Council. Approximately one month later, Daubert requested the Appeals Council to reopen the case based upon the issuance of the Alaska certificate of presumed death. The Appeals Council declined that request. Daubert then brought an action in the district court. Adopting the magistrate's recommendation, the court concluded that the case should be remanded to the Secretary to consider any new evidence adduced at the Alaska presumed death hearing.
 
 
 8
 In compliance with the court's order, the Appeals Council sent the case back to the ALJ and requested that further proceedings be held and that the ALJ issue a recommended decision. After reviewing a transcribed copy of the Alaska presumptive death hearing, the ALJ issued a decision recommending that the Appeals Council find that Strong be presumed to have died on May 6, 1983. The Appeals Council reviewed this recommendation and concluded that the ALJ's decision was in error. The Appeals Council then issued a final decision concluding that the fact of Strong's death had not been proven; instead, the evidence only suggested that he is missing and presumed dead by the State of Alaska. The Appeals Council therefore denied benefits.
 
 
 9
 Daubert then returned to the district court. Adopting the magistrate's recommendation, the court upheld the decision of the Secretary. This appeal followed.
 
 II
 
 10
 We review the judgment of the district court de novo. Fair v. Bowen, 885 F.2d 597, 601 (9th Cir.1989). Where, as here, a claim has been denied by the Secretary because of failure of the claimant to submit proof in conformity with a regulation prescribed under 42 U.S.C. Sec. 405(a), we may "review only the question of conformity with such regulations and the validity of such regulations." 42 U.S.C. Sec. 405(g).
 
 
 11
 Daubert does not contest the validity of the regulations. She disputes neither the Secretary's authority to issue the regulations nor the reasonableness of those regulations. Rather, she argues that she has submitted sufficient proof of Strong's death to conform with the applicable regulations. Since this issue involves an interpretation of an administrative regulation, we " 'must necessarily look to the administrative construction of the regulation if the meaning of the words used is in doubt.... [T]he ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation.' " Udall v. Tallman, 380 U.S. 1, 16-17, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965) (Tallman ), quoting Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 413-14, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945) (Seminole ); see also State of California Department of Education v. Bennett, 833 F.2d 827, 830 (9th Cir.1987) (Bennett ).
 
 III
 
 12
 Daubert's initial contention is that the Appeals Council improperly disturbed the ALJ's decision that Strong be "presumed to have died on May 6, 1983." This argument is without merit. When a case is remanded by the district court, as it was here, the ALJ must issue a recommended decision to the Appeals Council which then must issue a final decision. 20 C.F.R. Sec. 404.983 (1989); see also Scott v. Bowen, 808 F.2d 1428, 1429 (11th Cir.1987). It is the responsibility of this court to review the final decision of the Secretary, in this case the Appeals Council's decision, not the ALJ's decision. Taylor v. Heckler, 765 F.2d 872, 874-75 (9th Cir.1985); see also 42 U.S.C. Sec. 405(g). Moreover, since this case turns on an interpretation of the regulations, the Appeals Council was not required to give any deference to the conclusions of the ALJ. See 20 C.F.R. Sec. 404.970(a)(2) (1989).
 
 IV
 
 13
 Pursuant to 42 U.S.C. Sec. 402(d)(1)(C)(ii) Derrek is entitled to survivor's benefits if he was dependent on his father, Strong, at the time of Strong's death. See Tsosie v. Califano, 630 F.2d 1328, 1333 (9th Cir.1980), cert. denied, 451 U.S. 940, 101 S.Ct. 2022, 68 L.Ed.2d 328 (1981). The only disputed issue in this case is whether Strong is deceased within the meaning of the Secretary's regulation, 20 C.F.R. Sec. 404.720 (1989).
 
 
 14
 Section 404.720 and its companion regulation, 20 C.F.R. Sec. 404.721 (1989), are interstitial regulations promulgated to fill the gap left by 42 U.S.C. Sec. 402 which is silent on how a claimant is to demonstrate the death of the insured. Pursuant to section 404.720, an applicant must produce either "preferred evidence" of death under subsection 404.720(b) or "other evidence" of death under subsection 404.720(c):
 
 
 15
 (b) Preferred evidence of death. The best evidence of a person's death is--
 
 
 16
 (1) A certified copy or extract from the public record of death, coroner's report of death, or verdict of a coroner's jury; or a certificate by the custodian of the public record of death;
 
 
 17
 ....
 
 
 18
 (c) Other evidence of death. If you cannot obtain the preferred evidence of a person's death, you will be asked to explain why and to give us other convincing evidence such as: the signed statements of two or more people with personal knowledge of the death, giving the place, date, and cause of death.
 
 
 19
 Section 404.721 applies when the claimant is unable to present evidence sufficient to establish proof of an insured's death under section 404.720. It provides that the Secretary will presume the insured's death upon the presentation of certain evidence. 20 C.F.R. Sec. 404.721 (1989) ("If you cannot prove the person is dead but evidence of death is needed, we will presume he or she died at a certain time if you give us the following evidence: ....").
 
 
 20
 Daubert does not contend that Strong can be presumed deceased within the meaning of section 404.721. Instead, she argues that the presumptive death certificate satisfies the evidentiary standards of subsection 404.720(b)(1) because the certificate was issued by the Alaskan Bureau of Vital Statistics, "the custodian of the public record of death," and because the certificate was issued as a result of a "verdict of a coroner's jury." In the alternative, Daubert argues that even if the presumptive death certificate is insufficient evidence to satisfy subsection 404.720(b)(1), the evidence admitted at the Alaska presumed death hearing is sufficient to constitute "other evidence of death" under subsection 404.720(c).
 
 
 21
 The Secretary disagrees with Daubert's interpretation of both subsection 404.720(b)(1) and subsection 404.720(c) and in the final decision of the Appeals Council offers a different interpretation of the regulatory framework:
 
 
 22
 The regulations implementing the Social Security Act on the issue of establishing death for purposes of survivor's benefits are specific and limited. [Under section 720], when the fact of death is capable of proof it may be documented in several ways: by certified copies or extracts from the public record of death, coroner's report of death, or verdict of a coroner's jury, or certificate by custodian of the public record of death. These documentary sources of evidence are not exclusive, but other evidence of death must be equally certain in nature, i.e., signed statements of two or more people when [sic] personal knowledge of the death, including the place, date and cause of death. Section 404.720 deals then, by its terms, with the evidentiary requirements of a death which can be shown with particularity (date, place, causation). The evidence in the present case falls short of satisfying the requirements of this regulatory provision: the certificate issued as a result of the state court proceedings is not a certificate of death, but a certificate of presumed death. The testimony which gave rise to this certificate is not of a nature that would fulfill the requirements of section 404.720(c) because no personal knowledge of the death is provided. There is no particularity, no date, place and cause of death. All that was proven in the Alaska State District Court was that the claimant was probably involved in criminal activity, and that he disappeared. The requirements, the proofs, of section 404.720 are not met. There is no evidence, per se, of the wage earner's death.
 
 
 23
 Under our limited standard of review, we are required to accept the Secretary's interpretation of the regulation " 'unless it is plainly erroneous or inconsistent with the regulation.' " Tallman, 380 U.S. at 16-17, 85 S.Ct. at 801, quoting Seminole, 325 U.S. at 413-14, 65 S.Ct. at 1217; see also Bennett, 833 F.2d at 830. As outlined above, Daubert contends the Secretary's interpretation of the regulation is plainly erroneous because she has submitted a "verdict of a coroner's jury" and "a certificate by the custodian of the public record of death" which, she claims, constitute preferred evidence of death under subsection 404.720(b)(1). However, the language of subsection 404.720(b)(1) clearly does not mean that any "verdict of a coroner's jury" is satisfactory or that any form of certificate issued by "the custodian of the public record of death" is sufficient. Rather, read in context the language suggests that in order to constitute preferred evidence of death, the verdict of a coroner's jury must be a verdict of death, and the certificate issued by "the custodian of the public record of death" must be a certificate of death. See 20 C.F.R. Sec. 404.720(b)(1) (1989). We therefore cannot say that the Secretary plainly erred in interpreting subsection 404.720(b)(1) to require evidence of actual death rather than presumed death. Indeed, given the fact that section 404.721 is specifically addressed to presumed death, we find the Secretary's interpretation manifestly logical. If a presumption of death were sufficient to satisfy section 404.720, section 404.721 would be rendered superfluous. It is a "basic rule of statutory construction ... that one provision should not be interpreted in a way which is internally contradictory or that renders other provisions of the same statute inconsistent or meaningless." Hughes Air Corp. v. Public Utilities Commission, 644 F.2d 1334, 1338 (9th Cir.1981). Thus, we conclude that it was not plainly erroneous or inconsistent for the Secretary to decide that the Alaska certificate of presumptive death does not constitute preferred evidence of actual death under subsection 404.720(b)(1).
 
 
 24
 Daubert next disputes the Secretary's interpretation of subsection 404.720(c) that "other convincing evidence" of actual death must be provided by someone with personal knowledge of the death and provided with particularity, including the date, place, and cause of death, and the Secretary's subsequent conclusion that because Daubert did not offer this type of evidence, the evidence of Strong's death was insufficient. The Secretary's decision to require evidence with personal knowledge and with particularity is supported by the language of subsection 404.720(c) which offers as an example of other convincing evidence, "the signed statements of two or more people with personal knowledge of the death, giving the place, date, and cause of death." 20 C.F.R. Sec. 404.720(c) (1989) (emphasis added). Daubert argues that this example is not intended to create a requirement that evidence with personal knowledge and of the place, date, and cause of death be presented. Instead, she argues, the regulation should be interpreted more broadly. However, the Secretary's interpretation of subsection 404.720(c) is also supported by the general language of subsection 404.720(a), which provides that if a claimant applies for benefits, the Secretary "will ask for evidence of the date and place of his or her death." 20 C.F.R. Sec. 404.720(a) (1989). Moreover, even if we accepted Daubert's contention, her argument would fail. It is not enough for Daubert to present a second plausible interpretation of subsection 404.720(c). She must show that the Secretary's requirement that "other convincing evidence" of death be provided by personal statement and with the place, date, and cause of death is plainly erroneous. Tallman, 380 U.S. at 16-17, 85 S.Ct. at 801, quoting Seminole, 325 U.S. at 413-14, 65 S.Ct. at 1217; Bennett, 833 F.2d at 830. This she has failed to do.
 
 
 25
 Anticipating our conclusion that the Secretary's interpretation of subsection 404.720(c) is not plainly erroneous, Daubert contends that the Secretary's interpretation in this case is arbitrary and capricious because it conflicts with the interpretation issued in the Secretary's Programs Operation Manual (Manual), which is the body of instructions to Social Security personnel guiding their handling of claims under title II and title XVI of the Social Security Act. We have held that in order for the Secretary's interpretation of a regulation to be controlling, it must be a reasonable construction of the words of the regulation in light of their prior interpretation and application. See, e.g., Vallejo General Hospital v. Bowen, 851 F.2d 229, 231 (9th Cir.1988); Pacific Coast Medical Enterprises v. Harris, 633 F.2d 123, 131 (9th Cir.1980). Daubert argues that the Secretary's interpretation of subsection 404.720(c) as requiring personal knowledge of the death is inconsistent with the Secretary's statement in the Manual that "[t]he claimant should submit any other evidence of probative value whenever the statements [from those with personal knowledge of the death] cannot be obtained or doubt still remains as to the death." Programs Operation Manual, GN. 00304.060.
 
 
 26
 Assuming for purposes of this appeal only that the Secretary's interpretation must be consistent with the Manual, but see Schweiker v. Hansen, 450 U.S. 785, 789, 101 S.Ct. 1468, 1471, 67 L.Ed.2d 685 (1981) (per curiam) (stating that the Social Security Administration's Claims Manual "has no legal force" and "does not bind the SSA"); Avol v. Secretary of Health and Human Services, 883 F.2d 659, 661 (9th Cir.1989); United States v. Fifty-Three (53) Eclectus Parrots, 685 F.2d 1131, 1135-36 (9th Cir.1982); Rank v. Nimmo, 677 F.2d 692, 698-99 (9th Cir.) (citing numerous decisions which held agency handbooks and circulars unenforceable), cert. denied, 459 U.S. 907, 103 S.Ct. 210, 74 L.Ed.2d 168 (1982), we fail to see how a reversal is necessary in this case. Whatever the Manual may indicate about the necessity of evidence of personal knowledge of death, the Manual plainly is not inconsistent with the Secretary's interpretation of subsection 404.720(c) as requiring evidence of the date, place, and cause of death. Thus, regardless whether a statement from a person with personal knowledge of death was necessary, reversal would be inappropriate because Daubert did not present evidence of the date, place, and cause of Strong's death.
 
 
 27
 Because Daubert has not directed us to and we have not found any Social Security ruling or other authoritative interpretation of the regulations that is inconsistent with the Secretary's interpretation of subsection 404.720(c) in this case, we are obligated to accept the Secretary's interpretation which is not plainly erroneous or inconsistent with the regulations.
 
 
 28
 AFFIRMED.
 
 
 
 *
 Louis W. Sullivan is substituted for his predecessor, Otis R. Bowen, as Secretary of Health and Human Services. Fed. R. App. P. 43(c)(1)
 
 
 **
 Honorable Stephen V. Wilson, United States District Judge, Central District of California, sitting by designation